# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SPENCER PEARSON, JR., and KENYATTA RILEY,<br><br>   Plaintiffs,<br><br>v.<br><br>FYR SFR BORROWER, PROGRESS RESIDENTIAL, HOME SFR BORROWER IV, LLC, BRIAN BUFFINGTON, and AMA ROMAINE,<br><br>   Defendants. | Civil Action No.<br>1:25-cv-04447-LMM-CCB |

## BRIEF IN SUPPORT OF FYR SFR BORROWER, LLC AND PROGRESS RESIDENTIAL MANAGEMENT SERVICES, LLC'S MOTION TO DISMISS

COME NOW FYR SFR Borrower, LLC,[1] and Progress Residential Management Services, LLC,[2] by special appearance and without waiving any defenses, including as to jurisdiction and venue, and pursuant to Rule 12(b)(5) & (6) of the Federal Rules of Civil Procedure, file this Brief in Support of their Motion to Dismiss, showing as follows:

---

[1] Plaintiffs incorrectly name "FYR SFR Borrower" as a Defendant. The undersigned believes FYR SFR Borrower, LLC, is the entity Plaintiffs sought to name.

[2] Plaintiffs incorrectly name "Progress Residential" as a Defendant. Though unclear, the undersigned believes Progress Residential Management Services, LLC, is the entity Plaintiffs sought to name.

1

I.    **STATEMENT OF FACTS**

Plaintiff Spencer Person, Jr.,[3] leased residential property from FYR SFR Borrower, LLC, and then from Home SFR Borrower IV, LLC ("Home SFR"), pursuant to Residential Lease Agreements. *See* Doc. 1, at Exs. B, N. The leased properties were managed by Progress Residential Management Services, LLC. *Id.*

Home SFR initiated dispossessory proceedings against Person based on Person's failure to pay amounts owed pursuant to the Residential Lease Agreement. *See* Doc. 1, at Exs. BB, QQ, KK. Person generally raised the same nonsensical and allegations in those proceedings as he now asserts in his Complaint. *See* Doc. 1.

Person and Kenyatta Riley initiated this action on August 8, 2025. Doc. 1. Plaintiff Kenyatta Riley's role in this action is neither alleged nor otherwise known. Plaintiffs' Complaint fails to include any allegations specific to Ama Romain and Brian Buffington. Doc. 1. Ms. Romain and Mr. Buffington are frequent targets/victims of Plaintiffs' harassment, but they are not proper parties to this action. *See* Doc. 1, at Exs. H, P, EE, HH.

---

[3] Plaintiff is identified in the case caption and docket as Spencer "Pearson". The Complaint generally uses the spelling "Person", and that is the spelling used herein. Plaintiffs' Complaint and Exhibits thereto identify Spencer Person, Jr. by different names, such as "Spencer-Raymond: Person", "Person:Spencer-R/Authorized Representative", "Marlö Stanfield", and "Spencer-Raymond: Person Jr / Authorized Representative". Doc. 1.

2

On August 8, 2025, Person sent a copy of the Complaint via U.S. Mail to Matthew Totten. Doc. 2. Totten represented Home SFR in connection with the dispossessory proceedings against Person. *See* Doc. 1, at Ex. QQ.

On August 18, 2025, Person filed a letter to the Clerk of Court, stating that he mailed a copy of the Complaint to Totten, and that the Complaint was delivered August 11, 2205. Doc. 2. This letter was entered into the docket as a "Return of Service Executed by Spencer Pearson, Jr." and purported to reflect that "FYR SFR Borrower and Progress Residential [were] served on 8/11/2025."

## II.   ARGUMENT AND CITATION OF AUTHORITY

As discussed below, Plaintiffs' Complaint should be dismissed for insufficient service of process, for failure to state a claim upon which relief can be granted, and as an impermissible shotgun pleading.

### A. Plaintiffs' Complaint should be dismissed for insufficient service of process.

Plaintiff's Complaint should be dismissed for insufficient service of process because: (1) service was made by mail, (2) the service was not made upon the Defendants or their agent authorized to receive service of process on their behalf, (3) no summons was served – improperly or otherwise. Furthermore, Plaintiffs' "Return of Service" fails to meet the requirements of Fed R. Civ. P. 4(l)(1) in proving service, as it is not a server's affidavit.

3

1. <u>Standard on Motion to Dismiss for Insufficient Service of Process</u>.

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint for insufficient service of process. *See* Fed R. Civ. P. 12(b)(5). The initial "burden of establishing that service was insufficient falls on the defendant, who must specifically describe the defect". *T-12 Entm't, LLC v. Young Kings Enterprises, Inc.*, 36 F. Supp. 3d 1380, 1391-92 (N.D. Ga. 2014). "If the defendant carries its burden, the plaintiff then must come forward with enough evidence to survive a motion for judgment as a matter of law." *Id.* at 1392.

A *pro se* party is not excused from complying with the procedural rules. *See Sanders v. Fluor Daniel, Inc.*, 151 F.R.D. 138, 139 (M.D. Fla. 1993); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Furthermore, the fact that a Defendant obtained actual notice of the suit does not cure defective service. *See T-12 Entm't*, 36 F. Supp. 3d at 1392; *Manufacturers Hanover Trust Co. v. Ponsoldt*, 51 F.3d 938, 940 (11th Cir. 1995).

2. <u>Service is insufficient due to use of improper means of service</u>.

Service of process upon a limited liability company is governed by Federal Rule of Civil Procedure 4(h). *See Fitzpatrick v. Bank of New York Mellon*, 580 Fed. Appx. 690, 693 (11th Cir. 2014). Plaintiffs' purported "Return of Service" reflects service by certified mail only. Doc. 2. Delivery by certified mail does not constitute valid service of process under Fed. R. Civ. P. 4(h), where there is no waiver of

4

service. *Dixon v. Blanc*, 796 Fed. Appx. 684, 687-688 (2020). Plaintiffs failed to effect service of process as provided by law and further failed to show any agreement to waive service of process. Therefore, service of process is insufficient. *See Fitzpatrick*, 580 Fed. Appx. at 693-694.

    3. <u>Service is insufficient due to delivery to someone other than an agent authorized to receive service of process on behalf of this Defendant</u>.

Plaintiffs state that "Defendant has been served by way of defendant's lawyer." Doc. 2.

> A person's attorney is not authorized to receive process simply because of his status as attorney. Service of process is not effectual on an attorney solely by reason of his capacity as an attorney. The party must have appointed his attorney as his agent for service of process before personal jurisdiction is obtained over the party by service on his attorney.

*Durbin Paper Stock Co. v. Hossain*, 97 F.R.D. 639, 639 (S.D. Fla. 1982); *Miree v. U.S.*, 490 F. Supp. 768, 775-776 (N.D. Ga. 1980) (*accord*). Plaintiffs failed to serve these Defendants' appointed agent(s) for service of process, and thus service of process is insufficient. *See Fitzpatrick*, 580 Fed. Appx. at 693-694.

    4. <u>Service of process is insufficient due to lack of Summons</u>.

As reflected in Plaintiffs' "Return of Service", no summons was included with the materials mailed to Mr. Totten. Doc. 2. Indeed, the first summons reflected on the case Docket were not issued until after Plaintiffs filed their "Return of Service". Valid service under Fed. R. Civ. P. 4 requires service of a valid summons directed

to the entity being served. *Fitzpatrick*, 580 Fed. Appx. at 693-694. Plaintiffs failed to serve any summons, and thus service of process is insufficient.

     5. <u>Plaintiffs failed to meet requirement of proving service</u>.

Fed. R. Civ. P. 4(l) requires proof of service to be made to the court by the server's affidavit, except/unless service is waived or service is made by a U.S. marshal. Plaintiffs' "Return of Service" is not an affidavit, but is instead a letter from Plaintiff Spencer Person Jr. to the Clerk of Court, wherein Plaintiff states that he mailed a copy of the Complaint to an individual attorney. *See* Doc. 2. Therefore, Plaintiffs' "Return of Service" does not constitute valid proof of service under Fed. R. Civ. P. 4(l).

    **B. Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted.**

     1. <u>Standard on motion to dismiss for failure to state a claim upon which relief can be granted</u>.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). On motion to dismiss, the court may make reasonable inferences in a plaintiff's favor, but the court is not required to draw the inference the plaintiff urges. *Aldana v. Del Monte Fresh Produce, N.A., Inc*., 416 F.3d 1242, 1248 (11th Cir. 2005). "Bald assertions will not overcome a Rule 12(b)(6) motion." *Id.* (quoting *DM*

*Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999)). "Likewise, 'unwarranted deductions of fact' are not admitted as true in a motion to dismiss." *Id.* (*quoting South Florida. Water Management Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). "[A] pleading cannot survive dismissal when it consist[s] only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1271 (11th Cir. 2004). Plaintiffs' Complaint lacks enough well-pleaded allegations to state a claim that is plausible on its face, and it should therefore be dismissed.

    2. <u>Plaintiffs' Complaint should be dismissed in its entirety</u>.

Plaintiffs' Complaint bears "the hallmarks of the sovereign citizen theory." *Young v. PNC Bank, N.A.*, 2018 WL 1251920, fn.1 (N.D. Fla. 2018). Among other things, the Complaint is replete with outlandish allegations and theories; purports to include "evidence of not being a United States Citizen"; relies heavily on the Uniform Commercial Code; attaches letters and affidavits containing bizarre theories to both avoid their debts and fabricate non-existent debts in their favor; draws distinctions between "Spencer Person Jr." and "Spencer-Raymond: Person" or "Spencer Person Jr. / Principal"; includes "without recourse" and "all rights reserved" in connection with Person's signature; and even attesting to sovereign citizen beliefs by affidavit. Doc. 1, at Exs. H, J, M, P, U, V, Z, CC, HH, II, JJ. *See*

7

*Young*, 2018 WL 1251920, fn.1; *Marshall v. Bank of America, N.A.*, 2025 WL 2146376, *3 (N.D. Ga. May 29, 2025), *report and recommendation adopted* 2025 WL 2429094 (N.D. Ga. Aug. 11, 2025). Indeed, Plaintiffs attach excerpts of sovereign citizen literature to their Complaint. Doc. 1, at 178-180. One of Plaintiffs' many troubling exhibits (Exhibit CC) is what appears to be instruction as to how Person can mislead the court "if [the judge] asks how did you pay for rent"; instructing that, "[w]hatever you do, do not admit you didn't pay. Just keep saying I paid by fully endorsing the lease agreement which is a bill of exchange, according to the bill of exchange act, upon receipt I accepted it for value, to be applied to the account." Doc. 1, at 123 (Ex. CC).

"As is the case here, sovereign-citizen types of claims are often presented with 'a gallimaufry of nonsensical legal conclusions—inapposite legal maxims jumbled together with insubstantial claims, seasoned liberally with citations to the Uniform Commercial Code.'" *Marshall*, 2025 WL 2146376, *3 (quoting *Steven Macarthur-Brooks Estate v. Moreno*, 2025 WL 30390 (S.D. Fla. Jan. 6, 2025)). "Sovereign citizens seeking to, among other things, avoid paying their financial debts typically rely on the misguided application of legal authority, like the United States' suspension of the gold standard under Public Law 73-10 and various and wholly inapplicable provisions of the UCC." *Patten v. Lown*, 2021 WL 236630 *2 (M.D. Fla. 2021). *See* Doc. 1, at 4, 8, 47, 96, 101-103, 140-143, 145, 149 (examples of

Plaintiffs' reliance on suspension of the gold standard and inapplicable UCC provisions).

Arguments and claims such as those of Plaintiffs' Complaint should be, and are, consistently rejected. *See Young*, 2018 WL 1251920, *2 ("Their arguments and outlandish legal theories have been consistently rejected."); *U.S. v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen "legal theories as frivolous"); *U.S. v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (theories of sovereign citizens "should be rejected summarily, however they are presented"); *Roach v. Arrisi*, 2016 WL 8943290, *2 (M.D. Fla. 2016) (sovereign citizen theories are consistently rejected by the courts, and have been described as "utterly frivolous," "patently ludicrous," and "a waste of ... the court's time, which is being paid for by hard-earned tax dollars") (citation omitted)*; Steven Macarthur-Brooks Estate*, 2025 WL 30390, *8 ("[F]ederal courts routinely dismiss as frivolous claims sounding in 'sovereign citizen' theories, even when the plaintiffs don't identify themselves as sovereign citizens.").

"[A] 'complaint **must** be dismissed' when a plaintiff fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *White v. Clayton Cnty. Sheriff*, 2010 WL 2196593, *1 (N.D. Ga. May 28, 2010) (*quoting Twombly*, 550 U.S. at 570) (*emphasis added*). And, in the words of this Court, "[s]overeign-citizen claims are implausible." *Marshall*, 2025 WL 2146376, *3 (dismissing complaint for

9

failure to state a claim upon which relief can be granted). Plaintiffs fail to plead sufficient facts to state a claim that is plausible on its face. Therefore, Plaintiffs' Complaint should be dismissed in its entirety.

### C. In the alternative, Plaintiffs' Complaint should be dismissed as an impermissible Shotgun Pleading.

Plaintiffs' Complaint is also subject to dismissal as an impermissible shotgun pleading that falls far short of the pleading standards set forth in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8, 10. "A so-called 'shotgun pleading' is a complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Toth v. Antonacci*, 788 Fed. Appx. 688, 690 (11th Cir. 2019).

> Shotgun pleadings violate Rule 8(a)(2)'s short and plain statement requirement by failing to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests… In addition, they typically run afoul of Rule 10(b)'s requirement that allegations should be set forth in numbered paragraphs and discrete claims should be separated by count.

*Toth*, 788 Fed. Appx. at 690-691 (citation and punctuation omitted).

A defendant cannot be required to "'frame a responsive pleading'" to a shotgun pleading. *Id. See Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("Absent the dismissal of the amended complaint, the Defendants, in framing their answer, would likely have responded in kind, with a multitude of affirmative defenses bunched together applying to each of the amended complaint's counts. Put colloquially: garbage in, garbage out."). To allow a shotgun pleading is

10

a waste of judicial resources and an unfair burden on the responding party. *Jackson v. Bank of America*, 898 F.3d at 1357. "Tolerating such behavior constitutes toleration of obstruction of justice." *Id.* In *Jackson*, the Eleventh Circuit observed that: "This is why we have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone." *Id.* The District Courts are not required to engage in "[p]iecemeal adjudication" by reviewing each claim (or even the decipherable claims) of a shotgun pleading. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). That "does not promote judicial efficiency. And the toleration of complaints such as this one 'does great disservice to the administration of civil justice.'" *Id*.

In 2015, the Eleventh Circuit reviewed "more than sixty published decisions" regarding shotgun pleadings to identify four (4) broad categories of shotgun pleadings: (1) a complaint in which the counts incorporate all previous counts; (2) "a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) a complaint that does not separate the causes of action, and (4) "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants

11

the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Plaintiffs' Complaint fails to specify which allegations apply to which claims, fails to separate causes of action, fails to specify which Defendant any allegation concerns, fails to specify which claims are asserted against which Defendant, fails to describe the specific involvement of the two Plaintiffs, and consists almost entirely of "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action". Therefore, Plaintiffs' Complaint should be dismissed.

## III.  CONCLUSION

WHEREFORE, for the reasons stated above, Defendants FYR SFR Borrower, LLC, and Progress Residential Management Services, LLC respectfully pray that their Motion be granted and the Complaint be dismissed in its entirety.

Respectfully submitted this 2nd day of September, 2025.

**BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

*/s/ Stephen W. Rothring*
MARK A. BARBER
Georgia Bar No. 036875
STEPHEN W. ROTHRING
Georgia Bar No. 640964

Monarch Plaza, Suite 1500
3414 Peachtree Road NE
Atlanta, Georgia 30326
Telephone:  (404) 577-6000
Facsimile:   (404) 221-6501
Email:  mbarber@bakerdonelson.com
Email:  srothring@bakerdonelson.com

*Counsel for FYR SFR Borrower, LLC, and Progress Residential Management Services, LLC*

## **LR 7.1(D) Certification**

Pursuant to LR 7.1(D), the undersigned certifies that this brief has been prepared with one of the font and point selections approved by the Court in LR 5.1(B) (Times New Roman, Size 14).

This 2nd day of September, 2025.

                                                  **BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

                                                  */s/ Stephen W. Rothring*

| | |
|---|---|
| Monarch Plaza, Suite 1500 | MARK A. BARBER |
| 3414 Peachtree Road NE | Georgia Bar No. 036875 |
| Atlanta, Georgia 30326 | STEPHEN W. ROTHRING |
| Telephone: (404) 577-6000 | Georgia Bar No. 640964 |
| Facsimile: (404) 221-6501 | |
| Email: mbarber@bakerdonelson.com | *Counsel for FYR SFR Borrower, LLC,* |
| Email: srothring@bakerdonelson.com | *and Progress Residential Management Services, LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that, on this day, the within and foregoing *Brief in Support of FYR SFR Borrower, LLC, and Progress Residential Management Services, LLC's Motion to Dismiss* was filed with the Clerk of Court using the CM/ECF system, which will serve Plaintiffs and all counsel of record in this matter. I further certify that a copy of the foregoing will be sent to Plaintiffs by U.S. Mail as follows

> Spencer Person, Jr.
> Kenyatta Riley
> P.O. Box 92112
> Atlanta, GA 30314

This 2nd day of September, 2025.

|  | **BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC** |
|---|---|
|  | */s/ Stephen W. Rothring* |
|  | MARK A. BARBER |
| Monarch Plaza, Suite 1500 | Georgia Bar No. 036875 |
| 3414 Peachtree Road NE | STEPHEN W. ROTHRING |
| Atlanta, Georgia 30326 | Georgia Bar No. 640964 |
| Telephone: (404) 577-6000 |  |
| Facsimile: (404) 221-6501 |  |
| Email: mbarber@bakerdonelson.com | *Counsel for FYR SFR Borrower, LLC,* |
| Email: srothring@bakerdonelson.com | *and Progress Residential Management Services, LLC* |